UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ERVIN W. THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3075 |
| | ) | |
| WARDEN JERRY BUSCHER, | ) | |
| MARLA MARLEY, and | ) | |
| SUSAN G. SUGGS, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Green Bay Correctional Institution, pursues claims arising from the alleged destruction of his property by Taylorville Correctional Center staff. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

# LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., quoting Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

ALLEGATIONS

In March, 2010, Plaintiff was incarcerated in Taylorville Correctional Center. On June 3, 2010, Plaintiff was transported to the temporary custody of Wisconsin authorities pursuant to an interstate agreement. Plaintiff's speedy trial time on the Wisconsin charges

elapsed on September 10, 2010 with no resolution. Plaintiff therefore wrote to Defendant Suggs at Taylorville Correctional Center, asking to be returned to Taylorville Correctional Center. Receiving no response, Plaintiff wrote to Suggs again, enclosing a money order and directing that his personal property be sent to him or to his cousin. Plaintiff received a response stating that he should have arranged for his property to be mailed out or picked up within 30 days of his release. However, Plaintiff had not been released from IDOC custody yet; he was only on a temporary writ to Wisconsin. The letter also presumably informed Plaintiff that his property had been destroyed, because he asserts that "whether my property was destroyed intentionally or by mistake is of no consequence, when in fact my property has been destroyed (two family photo albums of which cannot be replaced because most of my family on those photos are now deceased." (Complaint, p. 7). He seeks money damages for the loss of his property.

According to the IDOC website, Plaintiff was paroled from IDOC custody on December 8, 2010. www.illinois.gov (last visited 6/1/12).

He is currently in the custody of the Wisconsin Department of Corrections. http://offender.doc.state.wi.us (last visited 6/1/12).

ANALYSIS

This Court only has jurisdiction to hear this case if the violation of a federal right is at issue. Negligence does not amount to a violation of the Constitution. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Claims based on the negligence of state actors in the performance of duties arising from their state jobs are claims over which the Illinois Court of Claims would have exclusive jurisdiction. Loman v. Freeman, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction."). The most plausible inference from the allegations is that Plaintiff's property was destroyed because Defendants' mistakenly believed that he had been released from custody. Such a mistake would fall into the negligence category.

Even if the destruction of Plaintiff's property were intentional in

5

the sense that Defendants knew that Plaintiff had not been released, Plaintiff would still not state a federal claim. The intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if adequate state post-deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Murdock v. Washington, 193 F.3d 510, 513 (7th Cir. 1999), cert. denied, 529 U.S. 1134 (2000). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. See Stewart v. McGinnis, 5 F.3d 1031, 1035-36 (7th Cir. 1993); Davenport v. City of Chicago, 653 F.Supp.2d 885 (N.D. Ill. 2009)("Pursuant to state law, [Plaintiff] may file a tort claim in the Illinois Court of Claims for her property losses.")(other citations omitted).

In short, if Plaintiff has claims to pursue, those claims are based on state law, not federal law. This Court therefore has no subject matter jurisdiction to hear this case.

IT IS THEREFORE ORDERED that Plaintiff's complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. The

hearing scheduled for June 11, 2012 is cancelled.  The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.  All pending motions are denied as moot (d/e 4), and this case is closed.

ENTERED:  June 5, 2012

FOR THE COURT:

                                    s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE